Mark D. Molner, Esq.
**PRICE LAW GROUP, APC**
2210 W. 75th Street
Prairie Village, KS 66208
Direct Dial: (913) 529-1474
Fax: (818) 907-2012
mark@pricelawgroup.com

Kansas Bar Number: 24493
Attorneys for Plaintiff,
STACY GAINES

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| STACY GAINES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>NATIONAL CREDIT ADJUSTERS; and DOES 1 to 10, inclusive,<br><br>　　　　Defendants. | **Case No.:** 12-CV-1332-SAC-KGS<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Stacy Gaines, an individual consumer, against Defendant, National Credit Adjusters, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## VENUE AND JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 and § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Stacy Gaines, is a natural person with a permanent residence in Baton Rouge, East Baton Rouge County Louisiana 70807.

4. Upon information and belief the Defendant, National Credit Adjusters, LLC, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 300 North Madison Street, Hutchinson, Reno County, KS 67501. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTS

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's co-worker and asked the co-workers to be a messenger and disclosed what the communication was in reference to.

8. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

9. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

10. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

11. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by communicating with a third party and disclosing the reason for the communication.

## COUNT I – FDCPA

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and disclosing the meaning of the call and asking the third party to be a messenger; and

(b) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

(c) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

14. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Stacy Gaines, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff Stacy Gaines respectfully requests that judgment be entered against defendant National Credit Adjusters, LLC for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

D. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, STACY GAINES demands trial by jury in this action.

                                                   RESPECTFULLY SUBMITTED,
                                                   **PRICE LAW GROUP APC**

DATED:  September 7, 2012        By:/s/ Mark D. Molner
                                                     Mark D. Molner
                                                     Attorney for Plaintiff